IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| AUGUSTIN ANGELES MARTINEZ, AMADO CRUZ MARTINEZ, EPIFANEA ANGELES MARTINEZ, ENRIQUE ROJAS, ISABEL ROJAS PAURA, PRIMITIVO ROSAS, MARIA de los ANGELES ROSAS, ROMAN ANGELES MARTINEZ, ANGELICA RODRIGUEZ GARSIA, SABAS GALLEGOS TOVAR, GRACIELA C. DE GALLEGOS, SILVESTRE CRUZ MARTINEZ, and SENOVIA ANGELES RAMIREZ | § § § § § § § § § § § § § § § § | PLAINTIFFS |
| v. | § | CIVIL ACTION NO. 1:07-CV-1234-LG-RHW |
| MATTHEWS MARINE, INC., D.T. READ STEEL CO., INC., GULF CONCRETE, LLC, EFCO CORP., URS CORPORATION, CIVIL TECH, INC., HNTB CORPORATION, and BURNS COOLEY DENNIS, INC. | § § § § § § | DEFENDANTS |

## ORDER GRANTING MOTION TO DISMISS

**BEFORE THE COURT** is the Motion to Dismiss [64] filed by the defendant, Matthews Marine, Inc. The plaintiffs did not respond to the Motion.[1] Upon reviewing the Motion and the applicable law, the Court finds that the plaintiffs' claims against Matthews Marine are barred by the doctrine of *res judicata* and should be dismissed.

---

[1] Although the plaintiffs did not file a response to this Motion to Dismiss, this Court must consider the motion on its merits since there is not a clear record of delay or contumacious conduct on the part of the plaintiffs in this lawsuit. *See Frey v. Bordis*, No. 07-60779, 2008 WL 2725503 at *2 (5th Cir. July 14, 2008) (quoting *Johnson v. Pettiford*, 442 F.3d 917, 918 (5th Cir. 2006)).

FACTS

On November 29, 2007, the plaintiffs filed this lawsuit against Matthews Marine and others concerning injuries and fatalities caused by a collapse that occurred during the construction of the Bay St. Louis Bridge. Matthews Marine filed a Petition for Exoneration from or Limitation of Liability on December 10, 2007, and all of the plaintiffs and defendants in the present lawsuit filed a claim against Matthews Marine in the limitation action. In the present lawsuit and in the limitation action, the plaintiffs asserted that Matthews Marine's vessel, the *M/V Annabella*, struck a column of the bridge prior to the collapse. Matthews Marine filed a Motion for Summary Judgment in the limitation action, asserting that there was no evidence that the *Annabella* ever came into contact with the column or otherwise contributed to the bridge's collapse. The Motion for Summary Judgment was granted by this Court on June 5, 2008, and a final judgment was entered in favor of Matthews Marine on that date. Matthews Marine has now filed a Motion to Dismiss the present lawsuit, asserting that the plaintiffs' claims are barred by the doctrine of *res judicata*.

DISCUSSION

"We apply federal law to the question of the *res judicata* or collateral estoppel effect of prior federal court proceedings, regardless of the basis of federal jurisdiction in either the prior or the present action." *Jackson v. FIE Corp.*, 302 F.3d 515, 529 n.58 (5th Cir. 2002) (quoting *Avondale Shipyards, Inc. v. Insured Lloyd's*, 786 F.2d 1265, 1269 n.4 (5th Cir. 1986)). There are four elements of *res judicata*:

> (1) the parties must be identical in the two actions; (2) the prior judgment must have been rendered by a court of competent jurisdiction; (3) there must be a final judgment on the merits; and (4) the same claim or cause of action

must be involved in both cases.

*Peoples State Bank v. GE Capital Corp.*, 482 F.3d 319, 330 (5th Cir. 2007).

In the present case, the first element is met, because all of the defendants and plaintiffs in the present lawsuit were also parties to the limitation action.  As for the second element, this Court had admiralty jurisdiction over the limitation action when it granted judgment in favor of Matthews Marine.  Additionally, there was a final judgment on the merits, since summary judgment was granted in favor of Matthews Marine, and a final judgment was entered, dismissing the limitation action with prejudice.  Finally, the same claim or cause of action was involved in both cases.  Specifically, both cases concerned liability for injuries and damages suffered in the collapse that occurred during the construction of the Bay St. Louis Bridge. Therefore, the plaintiffs' claims against Matthews Marine are barred by the doctrine of *res judicata*.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the Motion to Dismiss [64] filed by the defendant, Matthews Marine, Inc. is **GRANTED**.  The plaintiffs' claims against Matthews Marine are hereby **DISMISSED WITH PREJUDICE**.

**SO ORDERED AND ADJUDGED** this the 27th day of October, 2008.

*s/ Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE